# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

## PEOPLE v CUNNINGHAM

Docket No. 147437. Argued April 3, 2014 (Calendar No. 5). Decided June 18, 2014.

Frederick L. Cunningham pleaded guilty in the Allegan Circuit Court to obtaining a controlled substance by fraud in violation of MCL 333.7407(1)(c) and was sentenced to 12 to 48 months' imprisonment. In addition, defendant was ordered to pay $130 for the crime victim's rights assessment, $68 in minimum state costs, and $1,000 in unspecified court costs. Defendant moved to reduce or vacate the amount of court costs imposed to reflect the amount of actual costs incurred by the circuit court in connection with defendant's case. The court, Margaret Z. Bakker, J., denied the motion. The Court of Appeals, MARKEY, P.J., MURPHY, C.J., and BOONSTRA, J., remanded the case to the circuit court in an unpublished order issued October 2, 2012 (Docket No. 309277), to determine the reasonable costs for felony cases in Allegan Circuit Court in light of *People v Sanders*, 296 Mich App 710 (2012). On remand, the circuit court ruled that a reasonable relationship existed between the court costs imposed and the actual court costs on the basis of testimony that the average cost per criminal case in the circuit court was $1,238.48. After remand, the Court of Appeals, FITZGERALD, P.J., and O'CONNELL, J. (SHAPIRO, J., dissenting), relying on *Sanders*, affirmed the circuit court's order. 301 Mich App 218 (2013). The Supreme Court granted defendant's application for leave to appeal. 495 Mich 897 (2013).

In a unanimous opinion by Justice MARKMAN, the Supreme Court *held*:

MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose costs upon criminal defendants. Rather, it gives courts the authority to impose only those costs that the Legislature has separately authorized by statute. Therefore, the circuit court erred when it relied on MCL 769.1k(1)(b)(*ii*) as independent authority to impose $1,000 in court costs, and the Court of Appeals erred as well by affirming the imposition of such costs. *Sanders* and other Court of Appeals decisions were overruled to the extent they were inconsistent with this opinion.

1. A court may impose costs in a criminal case only if those costs are authorized by statute. The statute under which defendant was convicted, MCL 333.7407, did not provide courts with the authority to impose costs. While MCL 769.1k(1) gives courts the authority to impose certain financial obligations on a defendant, including any cost in addition to the minimum state cost, the fact that the Legislature proceeded beyond its reference to "any cost" to specify with particularity that courts may require criminal defendants to pay certain other costs suggested strongly that the Legislature did not intend MCL 769.1k(1)(b)(*ii*) to provide courts with the independent authority to impose any cost. Further, interpreting MCL 769.1k(1)(b)(*ii*) as

providing courts with the independent authority to impose "any cost" would essentially render nugatory, in violation of the Court's duty to harmonize and reconcile related statutes, the cost provisions within other statutes in effect when MCL 769.1k was enacted that provided courts with the authority to impose specific costs for certain offenses. The Legislature's decision to continue to enact provisions providing courts with authority to impose specific costs for certain offenses also suggested strongly that it did not intend MCL 769.1k(1)(b)(*ii*) to provide courts with the independent authority to impose "any cost." Also, a logical outgrowth of holding that MCL 769.1k(1)(b)(*ii*) provided courts with the independent authority to impose any cost would have been that MCL 769.1k(1)(b)(*i*) would have provided courts with the independent authority to impose "any fine," which would have nullified the provisions within those statutes that expressly fix the amount of fines that courts may impose for certain offenses. For these reasons, MCL 769.1k(1)(b)(*ii*) did not provide courts with the independent authority to impose any cost; rather, it provided courts with the authority to impose only those costs that the Legislature separately authorized by statute.

2. Because the Legislature did not intend MCL 769.1k(1)(b)(*ii*) to provide courts with the independent authority to impose any cost, *Sanders* was overruled to the extent that it was inconsistent with this opinion.

Court of Appeals judgment reversed; circuit court order vacated in part; case remanded for further proceedings.

©2014 State of Michigan

# Opinion

Chief Justice:    Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

FILED June 18, 2014

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

No. 147437

FREDERICK L. CUNNINGHAM,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

MARKMAN, J.

At issue is whether MCL 769.1k(1)(b)(*ii*) provides courts with the independent authority to impose costs upon criminal defendants. We hold that it does not. Instead, we hold that MCL 769.1k(1)(b)(*ii*) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute. Therefore, the circuit court erred when it relied on MCL 769.1k(1)(b)(*ii*) as independent authority to impose $1,000 in "court costs," and the Court of Appeals erred as well by affirming the imposition of such costs. Accordingly, we reverse the decision of the Court of Appeals,

vacate the portion of the circuit court's order imposing $1,000 in court costs, and remand for further proceedings not inconsistent with this opinion.

## I. FACTS AND HISTORY

In March of 2011, defendant acquired the prescription drug Norco by presenting a forged prescription to a pharmacy. Defendant pleaded guilty in the Allegan County Circuit Court to obtaining a controlled substance by fraud in violation of MCL 333.7407(1)(c) and was sentenced to 12 to 48 months' imprisonment. In addition, defendant was ordered to pay $130 for the crime victim's rights assessment, $68 in minimum state costs, and $1,000 in unspecified "court costs."[1] Defendant filed a motion to correct what he viewed as an invalid sentence, arguing that the circuit court should reduce or vacate the amount of court costs imposed to reflect the amount of actual costs incurred by the circuit court in connection with defendant's case. The circuit court denied this motion and held that the court costs were permissible under the "general taxing authority of MCL 769.1k and MCL 769.34(6)."

In light of *People v Sanders*, 296 Mich App 710; 825 NW2d 87 (2012), the Court of Appeals then remanded to the circuit court to "factually establish the reasonable costs figure for felony cases in Allegan County Circuit Court." *People v Cunningham*, unpublished order of the Court of Appeals, issued October 2, 2012 (Docket No.

---

[1] As more fully explained in this opinion, in imposing $1000 in what it deemed to be "court costs," the circuit court relied on MCL 769.1k(1)(b)(*ii*), which speaks generally of "*any cost* in addition to the minimum state cost." Thus, while the circuit court labeled the $1000 in costs that it imposed as "court costs," this case more broadly concerns the meaning of the phrase "any cost" as it appears in MCL 769.1k(1)(b)(*ii*).

2

309277).[2]  At the ensuing hearing, the Circuit Court Administrator testified that the average cost per criminal case in the circuit court was \$1,238.48.[3]  Accordingly, the circuit court found that a reasonable relationship existed between the court costs imposed and the actual court costs incurred in connection with defendant's conviction.  Relying on *Sanders*, the Court of Appeals affirmed the circuit court's order.  *People v Cunningham (After Remand)*, 301 Mich App 218; 836 NW2d 232 (2013).  One judge dissented on the grounds that courts may not include the general costs of maintaining the judicial branch of government in calculating such court costs.  *Id.* at 222-225 (SHAPIRO, J., dissenting).  On November 20, 2013, this Court granted defendant's application for leave to appeal.  *People v Cunningham*, 495 Mich 897 (2013).

## II. STANDARD OF REVIEW

Questions of statutory interpretation are questions of law that are reviewed de novo.  *Martin v Beldean*, 469 Mich 541, 546; 677 NW2d 312 (2004).

---

[2] In *Sanders*, the Court of Appeals held that "a trial court may impose a *generally reasonable amount* of court costs under MCL 769.1k(1)(b)(*ii*) without the necessity of separately calculating the costs involved in the particular case . . . ."  *Sanders*, 296 Mich App at 715 (emphasis added).  However, finding that there must be a reasonable relationship between the costs imposed and the actual costs incurred, the Court of Appeals remanded to the circuit court "to factually establish the reasonable costs figure for felony cases in the Berrien Circuit Court."  *Id*. at 716.  In *People v Sanders (After Remand)*, 298 Mich App 105, 108; 825 NW2d 376 (2012), the Court of Appeals found that the trial court had established "a sufficient factual basis to conclude that \$1000 in court costs under MCL 769.1k(1)(b)(*ii*) is a reasonable amount in a felony case conducted in the Berrien Circuit Court."

[3] Of this figure, \$462.84 was attributed to the circuit court's operating expenses, \$563.15 was attributed to attorney costs, and \$212.48 was attributed to clerk and deputy costs.

3

III. ANALYSIS

"The right of the court to impose costs in a criminal case is statutory." *People v Wallace*, 245 Mich 310, 313; 222 NW 698 (1929). Thus, courts may impose costs in criminal cases only where such costs are authorized by statute. *Id*.[4] In a variety of circumstances, the Legislature has chosen to provide courts with the authority to impose costs. For instance, with regard to certain offenses, courts may require criminal defendants to pay the "costs of prosecution."[5] With regard to other offenses, courts may require criminal defendants to "reimburse the state or a local unit of government for expenses incurred in relation to that incident including but not limited to expenses for an

---

[4] The authority of sentencing courts is "confined to the limits permitted by the statute under which it acts." *People v Tims*, 127 Mich App 564, 565-566; 339 NW2d 488 (1983), citing *In re Callahan*, 348 Mich 77, 80; 81 NW2d 669 (1957). In this regard, in sentencing defendants, "the court performs a ministerial function with discretion confined to the limits permitted by . . . statute." *Callahan*, 348 Mich at 80, citing *In re Duff*, 141 Mich 623; 105 NW 138 (1905); *In re Evans*, 173 Mich 25; 138 NW 276 (1912).

[5] See, e.g., MCL 750.49(5) (providing that courts may require individuals convicted of offenses related to fighting, baiting, or shooting an animal to pay "the costs of prosecution"); MCL 750.50(4)(b) (providing that courts may require individuals convicted of offenses related to animal cruelty to pay "the costs of prosecution"); MCL 750.159j(2) (providing that courts may require individuals convicted of offenses related to racketeering activity to pay "court costs" or "the costs of the investigation and prosecution that are reasonably incurred"); MCL 752.845 (providing that individuals convicted of injuring or killing another person by firearm "shall, upon conviction thereof, be fined not more than $100.00 and costs of prosecution"); MCL 324.80178(2) (providing that courts may require individuals convicted of operating a vessel on the waters of this state while under the influence of intoxicating liquor or a controlled substance, MCL 324.80176(3), "to pay the costs of the prosecution" "pursuant to the code of criminal procedure, 1927 PA 175, MCL 760.1 to MCL 777.69").

4

emergency response and expenses for prosecuting the person."[6]   MCL 769.1f(1).

Regardless of the offense committed, when a criminal defendant is placed on probation, courts may require the probationer to pay "expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and supervision of the probationer."   MCL 771.3(5).   Additionally, when a criminal defendant receives a conditional sentence, courts may "order the person to pay a fine, with or without the costs of prosecution." MCL 769.3(1).

In 1994, when the Legislature laid the foundation for the criminal sentencing guidelines, it amended the Code of Criminal Procedure to add MCL 769.34, which provides in pertinent part that when a criminal defendant is sentenced for an offense subject to the guidelines, "[a]s part of the sentence, the court may order the defendant to pay any combination of a fine, costs, or applicable assessments," and "[t]he court shall

---

[6] See MCL 769.1f(1)(a) through (i) (listing the specific offenses).  As detailed in the statute, the offenses for which reimbursement may be ordered include various offenses related to operating some type of motor vehicle while under the influence of intoxicating liquor or a controlled substance, committing a moving violation causing death, false reporting of a crime or threat, and violating a personal protection order.  Several statutes also provide that courts may require individuals "to reimburse this state or a local unit of government of this state for expenses incurred in relation to the violation in the same manner that expenses may be ordered to be reimbursed under section 1f of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1f."  See MCL 750.145d (using the Internet or a computer in a prohibited manner); MCL 750.411s (posting a message through an electronic medium without consent); MCL 750.462j (providing or obtaining the labor or services of another by force, fraud, or coercion); MCL 750.543x (violating the Michigan Anti-Terrorism Act); MCL 752.797 (accessing a computer with an intent to defraud); MCL 752.1084 (organized retail crime).

5

order payment of restitution as provided by law." MCL 769.34(6), as added by 1994 PA 445.

In 2005, the Legislature further amended the Code of Criminal Procedure to add the statute immediately at issue, MCL 769.1k, which provides:

> (1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred pursuant to statute or sentencing is delayed pursuant to statute:
>
> (a) The court shall impose the minimum state costs as set forth in section 1j of this chapter.
>
> (b) The court may impose any or all of the following:
>
> (*i*) Any fine.
>
> (*ii*) *Any cost in addition to the minimum state cost set forth in subdivision (a)*.
>
> (*iii*) The expenses of providing legal assistance to the defendant.
>
> (*iv*) Any assessment authorized by law.
>
> (*v*) Reimbursement under section 1f of this chapter.
>
> (2) In addition to any fine, cost, or assessment imposed under subsection (1), the court may order the defendant to pay any additional costs incurred in compelling the defendant's appearance.
>
> (3) Subsections (1) and (2) apply even if the defendant is placed on probation, probation is revoked, or the defendant is discharged from probation.
>
> (4) The court may require the defendant to pay any fine, cost, or assessment ordered to be paid under this section by wage assignment.
>
> (5) The court may provide for the amounts imposed under this section to be collected at any time.

(6) Except as otherwise provided by law, the court may apply payments received on behalf of a defendant that exceed the total of any fine, cost, fee, or other assessment imposed in the case to any fine, cost, fee, or assessment that the same defendant owes in any other case. [2005 PA 316, as amended by 2006 PA 655 (emphasis added.)]

Thus, under MCL 769.1k(1), when a criminal defendant pleads guilty or *nolo contendere*, or is otherwise found guilty, courts may impose certain financial obligations at the time of sentencing, or earlier if sentencing is delayed or entry of judgment of guilt is deferred. Courts may impose these obligations even if the defendant is placed on probation, probation is revoked, or the defendant is discharged from probation. MCL 769.1k(3). Moreover, the amounts imposed under MCL 769.1k may be collected at any time. MCL 769.1k(5).

In this case, the statute under which defendant was convicted, MCL 333.7407, does not provide courts with the authority to impose costs.[7] Nonetheless, the prosecutor

---

[7] MCL 333.7407 provides, in relevant part:

> (1) A person shall not knowingly or intentionally:
>
> * * *
> (c) Acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge.
>
> * * *
>
> (2) A person shall not refuse or knowingly fail to make, keep, or furnish any record, notification, order form, statement, invoice, or other information required under this article.
>
> (3) A person who violates this section is guilty of a felony, punishable by imprisonment for not more than 4 years, or a fine of not more than $30,000.00, or both.

argues that the $1,000 in court costs imposed by the circuit court were proper under MCL 769.1k(1)(b)(*ii*). In the prosecutor's view, MCL 769.1k(1)(b)(*ii*) provides courts with the independent authority to impose "any cost," *to wit*, any kind of cost that a court might incur. In defendant's view, however, MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose "any cost," but merely allows courts to impose those costs that the Legislature has separately authorized by statute. Thus, the pertinent issue in this case concerns the extent to which MCL 769.1k(1)(b)(*ii*) authorizes courts to impose costs.

In giving meaning to MCL 769.1k(1)(b)(*ii*), we examine the provision within the overall context of the statute "so as to produce, if possible, a harmonious and consistent enactment as a whole." *Grand Rapids v Crocker*, 219 Mich 178, 182-183; 189 NW 221 (1922). This Court "must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). We also consider the statute's " 'placement and purpose in the statutory scheme,' " *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999) (citation omitted), and in interpreting related statutes, those *in pari materia*, we construe the statutes together "so as to give the fullest effect to each provision," *Glover v Parole Bd*, 460

---

Thus, while MCL 333.7407 contemplates a sentence that may include imprisonment and/or a fine, it does not anywhere provide courts with the authority to impose costs.

8

Mich 511, 527; 596 NW2d 598 (1999), citing *Parks v DAIIE*, 426 Mich 191, 199; 393 NW2d 833 (1986).

Although MCL 769.1k(1)(b)(*ii*) allows courts to impose "any cost in addition to the minimum state cost," this provision cannot be read in isolation, but instead must be read reasonably and in context. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236-237; 596 NW2d 119 (1999). When read "reasonably and in context," it is evident to us that MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose "any cost." Rather, MCL 769.1k(1)(b)(*ii*) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute.

First, while MCL 769.1k allows courts to impose "any cost in addition to the minimum state cost," it also authorizes courts to impose other costs, including "the expense of providing legal assistance to the defendant," MCL 769.1k(1)(b)(*iii*), and "any additional costs incurred in compelling the defendant's appearance," MCL 769.1k(2). If, as the prosecutor argues, MCL 769.1k(1)(b)(*ii*) provides courts with the independent authority to impose "any cost," there would, of course, have been no need for the Legislature to have particularly specified that courts may require individuals to pay for the latter costs. In other words, if MCL 769.1k(1)(b)(*ii*) provides courts with the independent authority to impose "any cost," the Legislature could simply have left it at that and conferred upon trial courts, as they saw fit to exercise it, broad discretion to require criminal defendants to pay costs. However, the fact that the Legislature proceeded beyond its reference to "any cost" to specify with particularity that courts may require criminal defendants to pay certain other costs suggests strongly that the

9

Legislature did not intend MCL 769.1k(1)(b)(*ii*) to provide courts with the independent authority to impose "any cost."

Moreover, in addition to allowing courts to impose "any cost in addition to the minimum state cost," MCL 769.1k also allows courts to order "reimbursement under [MCL 769.1f]." MCL 769.1k(1)(b)(*v*). Under MCL 769.1f, courts may require defendants convicted of certain offenses "to reimburse the state or a local unit of government for specific expenses incurred in relation to the incident including but not limited to expenses for an emergency response and expenses for prosecuting the person." MCL 769.1f(1) and (9). As detailed in MCL 769.1f, the expenses for which reimbursement may be ordered include "the salaries, wages, or other compensation, including, but not limited to, overtime pay of prosecution personnel for time spent investigating and prosecuting the crime or crimes resulting in conviction." MCL 769.1f(2)(d). If MCL 769.1k(1)(b)(*ii*) provided courts with the independent authority to impose "any cost," there would have been no need for the Legislature to specify in MCL 769.1k(1)(b)(*v*) that a court may order "reimbursement under MCL 769.1f," and thereby impose particular costs. That the Legislature included a specific provision authorizing reimbursement under MCL 769.1f further suggests that it did not intend MCL 769.1k(1)(b)(*ii*) to provide courts with the independent authority to impose "any cost."

Second, at the time the Legislature enacted MCL 769.1k, numerous statutes provided courts with the authority to impose specific costs for certain offenses. See, e.g., footnote 5 of this opinion. Interpreting MCL 769.1k(1)(b)(*ii*) as providing courts with the independent authority to impose "any cost" would essentially render the cost

provisions within those statutes nugatory, as courts could nonetheless impose "any cost," regardless of whether the Legislature had particularly provided courts with the authority to impose specific costs for the relevant offense. In determining the proper meaning of MCL 769.1k(1)(b)(*ii*), it is our duty to harmonize and reconcile related statutes,[8] and we decline to adopt an interpretation of MCL 769.1k(1)(b)(*ii*) that would leave the cost provisions of other statutes without any practical or effective meaning. See *Koenig v South Haven*, 460 Mich 667, 677, 597 NW2d 99 (1999) ("[A] court's duty is to give meaning to all sections of a statute and to avoid, if at all possible, nullifying one by an overly broad interpretation of another.").

Moreover, after the Legislature enacted MCL 769.1k, it has *continued* to enact provisions providing courts with the authority to impose particular costs for certain offenses.[9] Because we presume that the Legislature acts "with a full knowledge of existing statutes," *In re Reynolds' Estate*, 274 Mich 354, 362; 264 NW 399 (1936), we presume that the Legislature enacted these provisions with full knowledge of MCL

---

[8] The purpose of the Code of Criminal Procedure is to "codify the laws relating to criminal procedure," Title, MCL 760.1 *et seq*., and we find it proper to read MCL 769.1k together with the substantive statutes that the Legislature has enacted that define crimes and prescribe fines and costs. See *People v Smith*, 423 Mich 427, 442; 378 NW2d 384 (1985) (holding that the Penal Code and the Code of Criminal Procedure "relate generally to the same thing and must therefore be read *in pari materia . . . .*").

[9] For example, in 2008 and 2012, the Legislature expanded the offenses for which reimbursement may be ordered pursuant to MCL 769.1f. See 2008 PA 466; 2012 PA 331. In addition, in 2013, the Legislature authorized courts to order an individual convicted of soliciting a personal injury victim, MCL 750.410b, "to pay the costs of prosecution as provided in the code of criminal procedure, 1927 PA 175, MCL 760.1 to MCL 777.69." See 2013 PA 219.

11

769.1k. The Legislature's decision to continue to enact provisions providing courts with authority to impose specific costs for certain offenses again suggests strongly that it did not intend MCL 769.1k(1)(b)(*ii*) to provide courts with the independent authority to impose "any cost." We again operate on the presumption that the Legislature did not intend to do a useless thing. *Klopfenstein v Rohlfing*, 356 Mich 197, 202; 96 NW2d 782 (1959) ("[I]t will not be presumed that the legislature intended to do a useless thing . . . .").

Third, if this Court were to hold that MCL 769.1k(1)(b)(*ii*) provides courts with the independent authority to impose "any cost," a logical outgrowth of that holding would be that MCL 769.1k(1)(b)(*i*) provides courts with the independent authority to impose "any fine." However, at the time the Legislature enacted MCL 769.1k, numerous statutes provided that certain offenses are punishable by a fine up to a specific amount, with such amounts widely differing. Interpreting MCL 769.1k(1)(b)(*i*) as providing courts with the independent authority to impose "any fine" would also nullify the provisions within those statutes that expressly fix the amount of fines that courts may impose for certain offenses, as courts could impose "any fine," presumably in any amount, and presumably without reference to the limitations that the Legislature has set forth in other statutes. Once again, we do not believe that by enacting MCL 769.1k(1)(b)(*i*) the Legislature intended to leave the fine provisions of numerous statutes without practical meaning or effect. *Koenig*, 460

12

Mich at 677.[10]  Thus, our belief that MCL 769.1k(1)(b)(*i*) does not provide courts with the independent authority to impose "any fine"  suggests further that MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose "any cost."

In light of the foregoing analysis, we conclude that MCL 769.1k (1)(b)(*ii*) does not provide courts with the independent authority to impose "any cost."  Instead, we hold that MCL 769.1k(1)(b)(*ii*) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute.[11]  In other words, we find that MCL 769.1k(1)(b)(*ii*) seeks comprehensively to incorporate by reference the full realm of statutory costs available to Michigan courts in sentencing defendants, so that the Legislature need not compendiously list each such cost in MCL 769.1k.[12]  Our

---

[10] In addition, as acknowledged by both parties, interpreting MCL 769.1k(1)(b)(*i*) as providing courts with the independent authority to impose "any fine" would also raise constitutional concerns, as "the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature." *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001).  As this Court has previously recognized, " 'the rule is settled that as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the Act.' "  *Loose v Battle Creek*, 309 Mich 1, 13; 14 NW2d 554 (1944) (quoting *Bowerman v Sheehan*, 242 Mich 95; 219 NW 69 (1928).

[11] In the same vein, upon examining the existing statutory scheme, we also conclude that MCL 769.34(6), which provides that "as part of the sentence, the court may also order the defendant to pay any combination of a fine, costs, or applicable assessments," does not provide courts with the independent authority to impose any fine or cost.  Rather, as with MCL 769.1k, MCL 769.34(6) allows courts to impose only those costs or fines that the Legislature has separately authorized by statute.

[12] Given the Legislature's use of the phrase "*any* cost," we believe that the Legislature intended MCL 769.1k(1)(b)(*ii*) to incorporate by reference not only existing statutory

13

understanding of MCL 769.1k(1)(b)(*ii*), we believe, accords respect to its language, to the language of other cost provisions within MCL 769.1k, and to the language of other statutes enacted by the Legislature conferring upon courts the authority to impose specific costs for certain offenses.

In affirming the circuit court's order imposing $1,000 in court costs, the Court of Appeals relied on *People v Sanders*, 296 Mich App 710; 825 NW2d 87 (2012), and *People v Sanders (After Remand)*, 298 Mich App 105; 825 NW2d 376 (2012). However, in *Sanders*, the Court of Appeals assumed that MCL 769.1k(1)(b)(*ii*) "authorizes the imposition of costs without any explicit limitation . . . ." 296 Mich App at 712. As set forth in this opinion, we do not believe that the Legislature intended MCL 769.1k(1)(b)(*ii*) to provide courts with the independent authority to impose "any cost." Accordingly, we overrule *Sanders* to the extent that it is inconsistent with this opinion.[13]

## IV. CONCLUSION

The circuit court erred when it relied on MCL 769.1k(1)(b)(*ii*) as independent authority to impose $1,000 in court costs,[14] and the Court of Appeals erred as well by

---

provisions that provide courts with the authority to impose specific costs, but also *future* provisions that the Legislature might enact providing courts with the same authority, unless the Legislature states to the contrary.

[13] Moreover, to the extent that other decisions of the Court of Appeals are consistent with *Sanders*, and inconsistent with this opinion, we overrule those decisions as well.

[14] Our holding today defines the extent to which MCL 769.1k(1)(b)(*ii*) *authorizes* courts to impose costs. It does not define the *scope* of any particular statutory provision that is incorporated by reference into MCL 769.1k(1)(b)(*ii*).

affirming the circuit court's imposition of such costs.[15] Accordingly, we reverse the decision of the Court of Appeals, vacate the portion of the circuit court's order imposing $1,000 in court costs, and remand for further proceedings not inconsistent with this opinion.

Stephen J. Markman
Robert P. Young, Jr.
Michael F. Cavanagh
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

---

[15] In granting defendant's application for leave to appeal, we directed the parties to address:

> (1) whether *People v Sanders*, 296 Mich App 710; 825 NW2d 87 (2012), and *People v Sanders (After Remand)*, 298 Mich App 105; 825 NW2d 376 (2012), correctly held that the Legislature's intent in authorizing an assessment of "[a]ny cost" under MCL 769.1k(1)(b)(ii) was to adopt a "reasonable flat fee" approach that does not require precision, and does not require separately calculating the costs involved in a particular case; (2) whether assessments of "court costs" are similar to, or interchangeable with, "costs of prosecution"; (3) whether the general principles set out in *People v Wallace*, 245 Mich 310; 222 NW 698 (1929), *People v Teasdale*, 335 Mich 1; 55 NW2d 149 (1952), and *People v Dilworth*, 291 Mich App 399; 804 NW2d 788 (2011), which dealt with statutory costs of prosecution and probation costs, have any applicability to an assessment pursuant to MCL 769.1k(1)(b)(ii); and (4) whether the Court of Appeals in this case properly applied *Sanders* to affirm the assessment of $1,000 in court costs on the basis that it was reasonably related to the $1,238.48 average actual cost per criminal case in Allegan Circuit Court, which included overhead costs and indirect expenses. [*People v Cunningham*, 495 Mich 897 (2013).]

However, in light of our conclusion that MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose "any cost," we need not address the second and third issues listed in the grant order.