# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON THOMAS JUNTIKKA,

        Defendant-Appellant.

FOR PUBLICATION
April 21, 2015

No. 318300
Houghton Circuit Court
LC No. 2013-002677-FH

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

O'CONNELL, P.J., (*dissenting*).

        I respectfully dissent.

        Defendant is a probation violator. On January 23, 2013, defendant pleaded guilty to one count of failing to register as a sex offender, MCL 28.729. The trial court sentenced defendant to serve a five-year probationary term and 12 months in the county jail. The court ordered defendant to pay a $100 cost for probation supervision to cover such things as cell phone and gloves for probation agents: the equivalent of $1.67 a month.[1] The trial court labelled this cost a "probation enhancement fee" and indicated that MCL 771.3 authorized it to impose this cost.

        It is necessary to discuss what this case is not about before addressing what this case is about. First and foremost, this case is not similar to *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). In *Cunningham*, our Supreme Court addressed whether former MCL 769.1k(1)(b)(*ii*) provided trial courts with the independent authority to impose costs upon a criminal defendant. MCL 769.1k(1)(b)(*ii*) gave trial courts authority to impose "any cost in addition to the minimum state cost." Our Supreme Court held that former MCL 769.1k(1)(b)(*ii*)

---

[1] There are several plausible reasons why this specific probation violator may require additional supervision. In this case, the probation department must spend additional time and resources monitoring defendant for any potential violations of the Sex Offender Registration Act (SORA), MCL 28.721 *et seq*. In my opinion, $1.67 a month to monitor a probationer for SORA violations is not unreasonable. For instance, $1.67 a month may simply cover phone calls to ascertain defendant's compliance with SORA's check-in requirements under MCL 28.725.

did not allow a trial court to assess *any* cost, but rather "provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Id.* at 154.

In the present case, a different statute with different language is at issue. Our statute does not concern "any cost" but rather allows "costs" to be imposed on "the probationer." MCL 771.3(2)(c) provides that a trial court may require the probationer to pay costs as a condition of probation pursuant to MCL 771.3(5). In turn, MCL 771.3(5) provides that "the costs shall be limited to expenses specifically incurred in . . . supervision of the probationer." Accordingly, costs in this case are specifically authorized by statute. See *Cunningham*, 496 Mich at 149.

We also cannot read statutory sections in isolation, *People v Conley*, 270 Mich App 301, 316-317; 715 NW2d 377 (2006) and should avoid constructions that render portions of a statute surplusage, *People v Ward*, 211 Mich App 489, 492; 536 NW2d 270 (1995). The probation-specific supervision fee provided in MCL 771.3(1)(d) cross-references MCL 771.3c, which provides a fee based on the number of months of probation that the trial court orders. I cannot conclude that the Legislature meant to restrict costs or fees to this specific dollar amount when it independently authorized additional cost and fees under MCL 771.3(2)(c) and (d). If the trial court may only order the specific assessment provided in MCL 771.3(1)(d), it renders these portions of the statute surplusage.

The trial court imposed specifically authorized costs in this case.[2] As the trial court noted, the probation enhancement fee that it assessed Juntikka provided for equipment that allows probation agents to perform their jobs. These are costs incurred in supervising the probationer, who is subject to additional monitoring under SORA.

The $100 cost imposed by the trial court was a reasonable and specific fee authorized by MCL 771.3, and therefore it was not within the umbrella of disallowed costs set forth in the *Cunningham* opinion. Since MCL 771.3 specifically allows a trial court to assess costs for the supervision of probationers, I would affirm the learned trial court's well-reasoned opinion.

I would affirm.

/s/ Peter D. O'Connell

---

[2] The majority places great weight on the fact that the term "probation enhancement fee" does not appear in MCL 771.3. In my opinion, this places form over substance and leads the majority astray. As this Court has stated, "we do not reverse where the trial court reaches the right result for a wrong reason." *People v Ramsdell*, 230 Mich App 386, 406; 585 NW2d 1 (1998). I do not think that any flat fee becomes an assessment. I prefer to read the specific statute to determine whether it authorizes a specific cost.