# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JIM EDD BROWN,

      Defendant-Appellant.

UNPUBLISHED
June 9, 2015

No. 321037
Montcalm Circuit Court
LC No. 2013-017855-FH

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant, Jim Edd Brown, appeals as of right his sentences for two counts of resisting or obstructing a police officer, MCL 750.81d(1), and one count of domestic assault, MCL 750.81(2). As part of his sentence, the trial court assessed defendant $800 in general court costs. We affirm.

"[C]ourts may impose costs in criminal cases only where such costs are authorized by statute." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014) (quotation marks and citation omitted). It is undisputed in this case that neither MCL 750.81d(1) nor MCL 750.81(2) independently authorizes court costs. Thus, the trial court's imposition of costs was invalid under *Cunningham*.

However, on October 17, 2014, after the Michigan Supreme Court's decision in *Cunningham*, the Legislature passed MCL 796.1k. 2014 PA 352. As applicable to defendant, MCL 769.1k(1)(b)(*iii*) states:

> (1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilty is deferred pursuant to statute or sentencing is delayed pursuant to statute:
>
> * * *
>
> (b) The court may impose any or all of the following:
>
> * * *

-1-

(*iii*) Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case . . . .

This statute applies to all costs imposed before June 18, 2014, and "provides for an award of certain costs that are *not* independently authorized by the statute for the sentencing offense . . . ." *People v Konopka*, ___ Mich App ___; ___ NW2d ___ (2015); slip op at 6. In this case, the trial court imposed defendant's costs on February 20, 2014, and it is within the time period contemplated by MCL 769.1k(1)(b)(*iii*). Therefore, we conclude that the trial court did not plainly err by authorizing these costs. And, unlike in *Konopka*, defendant does not specifically challenge the lack of reasoning for the costs imposed. See *id*. at ___; slip op at 8. We conclude that reversal is not warranted.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray