# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

UNPUBLISHED
June 25, 2015

v

No.  320496
Ingham Circuit Court
LC No.  13-000321-FH

JAMES JUNIOR MILLER,

    Defendant-Appellant.

Before:  RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Defendant was convicted by a jury of one count of possession with intent to deliver less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*), and he was sentenced in January 2014 to a prison term of 14 months to 20 years.  He was also ordered to pay $68 in state costs, a $130 crime victim assessment, $635 in court costs, and $500 in attorney fees.  After filing his appeal, defendant submitted a motion to remand to correct his sentence with respect to the $635 in court costs in light of *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014).  *Cunningham* held that MCL 769.1k(1)(b) did not provide courts with independent authority to impose court costs in criminal cases.  *Id.* at 147.  Here, because of the *Cunningham* decision, this Court granted defendant's motion to remand.  *People v Miller*, unpublished order of the Court of Appeals, entered September 24, 2014 (Docket No. 320496).  Thereafter, the Legislature amended MCL 769.1k(1)(b).  2014 PA 352.  On remand, the trial court declined to determine whether *Cunningham* was retroactive, such that it would apply to defendant's sentencing, given the Legislature's recent amendment of MCL 769.1k(1)(b), retroactively authorizing the assessment of court costs.  Defendant argues on appeal that there was no statutory authority for the imposition of court costs at the time of defendant's sentencing and that, to the extent that the amendment of MCL 769.1k(1)(b) retroactively authorized the assessment, the amendment violated the state and federal Ex Post Facto Clauses, US Const, art I, § 10; Const 1963, art 1, § 10.  On the strength of this Court's recent controlling opinion in *People v Konopka*, __ Mich App __; __ NW2d __, issued March 3, 2015 (Docket No. 319913), we affirm the trial court's determination that MCL 769.1k(1)(b) retroactively authorized the imposition of court costs in this case, but remand for an examination of the factual basis underlying the amount of court costs that defendant was ordered to pay.

As amended by 2014 PA 352, MCL 769.1k(1)(b)(*iii*) provides that a court may impose the following cost on a defendant at sentencing:

-1-

[A]ny cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

Pursuant to 2014 PA 352, this provision became effective on October 17, 2014, and the enacting sections of 2014 PA 352 provided:

Enacting section 1. This amendatory act applies to all fines, costs, and assessments ordered or assessed under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, *before June 18, 2014*, and after the effective date of this amendatory act.

Enacting section 2. This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in People v Cunningham, 496 Mich 145 (2014). [Emphasis added.]

Here, defendant was sentenced in January 2014; therefore, the amended version of MCL 769.1k(1)(b)(*iii*) is retroactively applicable to defendant's case and court costs are authorized.

In *Konopka*, slip op at 8-16, this Court thoroughly addressed and rejected a host of constitutional challenges to the amendment of MCL 769.1k(1)(b), including the same alleged ex post facto violations being claimed by defendant in the present case. We are bound by *Konopka*, MCR 7.215(J)(1), and, accordingly, we affirm the trial court's ruling that it had the authority to impose court costs under MCL 769.1k(1)(b)(*iii*). Defendant's ex post facto arguments are unavailing under *Konopka*. Further, consistent with *Konopka*, we remand for a determination of the proper amount of costs, which amount must be "reasonably related to the actual costs incurred by the trial court," MCL 769.1k(1)(b)(*iii*). See *Konopka*, slip op at 16.[1]

---

[1] The trial court's written opinion and order reflected that it solely answered the question regarding the authority to impose court costs, absent contemplation of the factual basis for the amount of costs, thereby necessitating a remand.

Affirmed with respect to the question of the trial court's authority to impose costs, but remanded for an examination of the factual basis for the $635 in court costs that was imposed by the trial court.[2]  We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto

---

[2] Defendant does not challenge his conviction on appeal, nor other aspects of his sentence.