# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAWN LOVETO CAMERON, JR.,

Defendant-Appellant.

UNPUBLISHED
July 28, 2015

No. 321387
Washtenaw Circuit Court
LC No. 13-001315-FH

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84. He was sentenced in January 2014 to a prison term of 13 months to 20 years. Defendant was also ordered to pay $68 in state costs, a $130 crime victim assessment, $650 in attorney fees, and $1,611 in court costs. After sentencing, defendant filed a motion to correct an invalid sentence with respect to the $1,611 in court costs in light of *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). *Cunningham* held that MCL 769.1k(1)(b) did not provide courts with independent authority to impose court costs in criminal cases. *Id.* at 147. Shortly after defendant filed his motion to correct the sentence, 2014 PA 352 took effect, wherein the Legislature amended MCL 769.1k(1)(b), authorizing the imposition of court costs. At the hearing on defendant's motion, the trial court informed defense counsel of the statutory amendment, and counsel withdrew the motion, although the trial court still formally entered an order denying the motion on the basis of 2014 PA 352. On appeal, defendant solely challenges the imposition of $1,611 in court costs. Defendant argues that there was no statutory authority for the imposition of court costs at the time of his sentencing and that, to the extent that the amendment of MCL 769.1k(1)(b) retroactively authorized the assessment, the amendment violated the state and federal Ex Post Facto Clauses, US Const, art I, § 10; Const 1963, art 1, § 10. On the strength of this Court's recent controlling opinion in *People v Konopka*, __ Mich App __; __ NW2d __, issued March 3, 2015 (Docket No. 319913), we affirm the trial court's determination that MCL 769.1k(1)(b) retroactively authorized the imposition of court costs in this case, but remand for an examination of the factual basis underlying the amount of court costs that defendant was ordered to pay.

As amended by 2014 PA 352, MCL 769.1k(1)(b)(*iii*) provides that a court may impose the following cost on a defendant at sentencing:

-1-

[A]ny cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

2014 PA 352 became effective on October 17, 2014, and the enacting sections of 2014 PA 352 provided:

Enacting section 1. This amendatory act applies to all fines, costs, and assessments ordered or assessed under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, *before June 18, 2014*, and after the effective date of this amendatory act.

Enacting section 2. This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in People v Cunningham, 496 Mich 145 (2014). [Emphasis added.]

Here, defendant was sentenced in January 2014; therefore, the amended version of MCL 769.1k(1)(b)(*iii*) is retroactively applicable to defendant's case and court costs are authorized.

In *Konopka*, slip op at 8-16, this Court thoroughly addressed and rejected a host of constitutional challenges to the amendment of MCL 769.1k(1)(b), including the same ex post facto violations being claimed by defendant in the present case. We are bound by *Konopka*, MCR 7.215(J)(1), and, accordingly, we affirm the trial court's ruling that it had the authority to impose court costs under 2014 PA 352; MCL 769.1k(1)(b)(*iii*). Defendant's ex post facto arguments are unavailing under *Konopka*. Further, consistent with *Konopka*, we remand for a determination of the proper amount of costs, which amount must be "reasonably related to the actual costs incurred by the trial court," MCL 769.1k(1)(b)(*iii*). See *Konopka*, slip op at 16.[1]

Affirmed with respect to the question of the trial court's authority to impose costs, but remanded for an examination of the factual basis for the $1,611 in court costs imposed by the trial court. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens

---

[1] The lower court record contains no indication that the trial court contemplated or examined the factual basis for the amount of costs, thereby necessitating a remand.