# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

UNPUBLISHED
July 28, 2015

v

DARNEL WALKER,

     Defendant-Appellant.

No. 322648
Ingham Circuit Court
LC No. 13-000420-FH

Before: Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of possession with intent to deliver less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*). Pursuant to a *Killebrew*[1] agreement, the trial court sentenced defendant to 18 to 360 months' imprisonment. He was ordered to pay $68 in state costs, a crime victim's assessment fee of $130, and court costs in the amount of $635. Defendant now appeals by delayed leave granted.[2] The sole issue on appeal is the validity of the imposition of $635 in court costs. Because this issue has previously been decided by this Court in *People v Konopka*, ___ Mich App ___; ___ NW2d ___ (Docket No. 319913, issued March 3, 2015), we affirm.

Defendant argues that MCL 769.1k, as interpreted by *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), did not provide the trial court with statutory authority to impose court costs against him when he was sentenced on January 15, 2014. Further, he argues, the Legislature's post-*Cunningham* amendment of §1k, 2014 PA 352, cannot be given retroactive effect because to do so would violate the state and federal Ex Post Facto Clauses.

As previously indicated, resolution of this appeal is controlled by this Court's recent decision in *People v Konopka*, wherein this Court stated:

---

[1] *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982).

[2] *People v Walker*, unpublished order of the Court of Appeals, entered August 29, 2014 (Docket No. 322648).

-1-

If the Legislature had not amended MCL 769.1k, the cost award in this case would have been invalid under *Cunningham*. Under *Cunningham*, 496 Mich at 147, the former version of MCL 769.1k(1)(b)(*ii*) provided courts with the authority to impose only those costs that were separately authorized by statute. Defendant was convicted of first-degree retail fraud, MCL 750.356c, and conspiracy to commit first-degree retail fraud, MCL 750.157a. The statutes for those offenses do not authorize the imposition of court costs. See MCL 750.356c(1) (authorizing imprisonment and a fine); MCL 750.157a (authorizing imprisonment and a fine). Nor did any other statute separately authorize the imposition of the costs imposed. Therefore, the imposition of court costs is not separately authorized by statute, as required by *Cunningham*.

However, the trial court's cost award is authorized by the amended version of MCL 769.1k(1)(b)(*iii*). This amended version became effective on October 17, 2014, and applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, and after the effective date of the amendatory act. 2014 PA 352. The amended act was a curative measure to address the authority of courts to impose costs under MCL 769.1k before the issuance of *Cunningham*. 2014 PA 352. "'When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly.'" *Mayor of Detroit v Arms Technology, Inc*, 258 Mich App 48, 65; 669 NW2d 845 (2003), quoting *Plaut v Spendthrift Farm, Inc*, 514 US 211, 227; 115 S Ct 1447; 131 L Ed 2d 328 (1995) (addressing Congress's authority to revise the judgments of federal courts). This case was still on appeal when the amended version of MCL 769.1k was adopted; further, the costs in this case were imposed on July 17, 2013. Therefore the amended act applies to this case. [*Konopka*, ___ Mich App at ___; slip op at 6.]

Here the trial court sentenced defendant on January 15, 2014. Because the amended version of MCL 769.1k applied to all costs assessed under MCL 769.1k before June 18, 2014, the imposition of court costs was authorized and valid.

*Konopka* also held that the costs imposed under MCL 769.1k(b)(*iii*) are not a form of punishment. *Id*. at ___; slip op at 13. Further, this Court concluded that the costs provision in MCL 769.1k(1)(b)(*iii*) is not "so punitive in purpose or effect that it negates the Legislature's civil intent." *Id.* at 16. Therefore, the Ex Post Facto Clauses of the Michigan and United States Constitutions are not violated. *Id.*

Affirmed.

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello