# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEENON LELAND KEYES,

        Defendant-Appellant.

UNPUBLISHED
October 20, 2015

No.  321614
Clare Circuit Court
LC No.  13-004631-FH

---

Before:  M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

A jury found defendant, Keenon Leland Keyes, guilty of assault with intent to do great bodily harm less than murder.  MCL 750.84.  The trial court sentenced Keyes as a habitual offender, MCL 769.10, to serve 14 months to 15 years in prison and ordered him to pay $400 in "court costs."  This Court ordered Keyes' appellate lawyer to address whether the award of costs was proper under our Supreme Court's decision in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014),[1] which is the only issue on appeal.

Under MCL 769.1k, a trial court may impose certain "costs" when sentencing a person convicted of a crime.  Before 2014, the statute allowed a trial court to order the defendant to pay "[a]ny cost."  See *Cunningham*, 496 Mich at 151-152, quoting the prior version of MCL 769.1k(1)(b)(*ii*).  In *Cunningham*, our Supreme Court held that this prior version did not provide courts with the independent authority to impose 'any cost[;]' " rather, it "provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Id*. at 158.  Thus, under the prior version of the statute, the trial court did not have the authority to order Keyes to pay $400 in court costs.

After the decision in *Cunningham*, the Legislature amended MCL 769.1k with immediate effect on October 17, 2014.  See 2014 PA 352.  With this amendment, the Legislature specifically authorized trial courts to order a defendant to pay court costs:

---

[1] *People v Keyes*, unpublished order of the Court of Appeals, entered October 24, 2014 (Docket No. 321614).

Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expenses of providing legal assistance to the defendant.

(*v*) Any assessment authorized by law.

(*vi*) Reimbursement under section 1f of this chapter.

In *People v Konopka*, ___ Mich ___, ___; ___ NW2d ___ (2015) (Docket No. 319913); slip op at 6-7, this Court held that the amendment was a curative measure that the Legislature intended to apply retroactively. Therefore, the amendment applies to Keyes' sentencing and authorized the trial court's order. *Id.* Nonetheless, although the trial court was not required to separately calculate the costs imposed, it had to establish a factual basis for the costs that is reasonably related to the actual costs. MCL 769.1k(1)(b)(*iii*); *Konopka*, ___ Mich App at ___; slip op at 7-8. Because the trial court did not articulate a factual basis for the costs that it ordered Keyes to pay, we remand this case to the trial court to state the factual basis for its order or, if necessary, to alter the order. See *id.* at ___; slip op at 8.

Affirmed, but remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro