# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LAWRENCE FREDERICK GIBBS,

        Defendant-Appellant.

UNPUBLISHED
December 1, 2015

No.  315652
Ingham Circuit Court
LC No.  12-000669-FC

ON REMAND

Before:  METER, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

On September 9, 2015, in lieu of granting leave to appeal, the Michigan Supreme Court remanded this matter to this Court "for consideration of the defendant's issue regarding the Ingham Circuit Court's assessment of court costs . . . ." *People v Gibbs*, 498 Mich 870; 868 NW2d 902 (2015).  The Supreme Court denied the remainder of defendant's application for leave to appeal. *Id*.  We affirm.

Based on the amendment of MCL 769.1k(1)(b), the trial court did not err in assessing costs.

Defendant contends, in accordance with the June 18, 2014, decision in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), that the trial court lacked the authorization to assess $500 in court costs.  Defendant raised the issue pertaining to the award of court costs before this Court issued its decision in *People v Konopka (On Remand)*, 309 Mich App 345; 869 NW2d 651 (2015), and before the effective date of the amendment of MCL 769.1k(1).  As amended by 2014 PA 352, effective October 17, 2014, MCL 769.1k(1) provides, in relevant part:

> (b) The court may impose any or all of the following:

> (*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

-1-

(*ii*) Any cost authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

(*iii*) Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expenses of providing legal assistance to the defendant.

(*v*) Any assessment authorized by law.

(*vi*) Reimbursement under section 1f of this chapter.

In *Konopka*, 309 Mich App at 357, this Court recognized that the amended version of the statute became effective on October 17, 2014, and applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, and after the effective date of the amendatory act. "The amended act was a curative measure to address the authority of courts to impose costs under MCL 769.1k before *Cunningham* was issued." *Konopka*, 309 Mich App at 357. MCL 769.1k(1)(b)(*iii*) now allows for an award of costs that are not "independently authorized by the statute for the sentencing offense. . . ." *Konopka*, 309 Mich App at 357. "When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." *Id*. (citation and quotation marks omitted).

Because defendant was sentenced before June 18, 2014, and "[i]n light of the adoption of 2014 PA 352, the trial court's imposition of costs was not erroneous." *Id*. at 359.

We note that this Court in *Konopka*, *id*. at 359-360, remanded the matter to the trial court solely premised on the trial court's failure to establish a factual basis for the costs imposed. Here, defendant has only challenged the authority of the court to assess the referenced costs, not the reasonableness or factual basis of the costs imposed. As such, there is no necessity to remand this case to the trial court for further review or explanation.

Affirmed.

/s/ Patrick M. Meter
/s/ William B. Murphy
/s/ Michael J. Riordan

-2-