# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHAEL EDDIE KNIGHT,

      Defendant-Appellant.

UNPUBLISHED
February 23, 2016

No. 324028
Kalamazoo Circuit Court
LC No. 2013-001020-FH

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by leave granted the sentence imposed following his guilty plea conviction of operating or maintaining a methamphetamine laboratory, MCL 333.7401c(1)(b). Specifically, defendant challenges the imposition of $460 in court costs. We affirm.

Defendant did not object to the imposition of costs at sentencing; therefore, our review is for plain error affecting substantial rights. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Defendant argues that the trial court lacked statutory authority to order the payment of court costs. A court may impose costs in criminal cases only where such costs are authorized by statute. *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). The *Cunningham* Court held that MCL 769.1k(1)(b) did not provide courts with independent authority to impose court costs in criminal cases. *Id.* at 147. Shortly after *Cunningham* was released, the Legislature, pursuant to 2014 PA 352, amended MCL 769.1k(1)(b), which now provides, in pertinent part, that a court may impose the following cost on a defendant at sentencing:

> [A]ny cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
> (A) Salaries and benefits for relevant court personnel.
>
> (B) Goods and services necessary for the operation of the court.
>
> (C) Necessary expenses for the operation and maintenance of court buildings and facilities. [MCL 769.1k(1)(b)(*iii*).]

-1-

2014 PA 352 became effective on October 17, 2014, and the enacting sections of 2014 PA 352 provided:

> Enacting section 1. This amendatory act applies to all fines, costs, and assessments ordered or assessed under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, *before June 18, 2014*, and after the effective date of this amendatory act.

> Enacting section 2. This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in People v Cunningham, 496 Mich 145 (2014). [Emphasis added.]

Here, defendant was ordered to pay court costs at his sentencing, which occurred before June 18, 2014. Accordingly, the amended version of MCL 769.1k(1)(b)(*iii*) was retroactively applicable to defendant's case and thus there was newfound statutory authority for the previously-imposed costs. *Konopka*, 309 Mich App at 357. Any continuing reliance on *Cunningham* by defendant is wholly misplaced, given the statutory amendment and this Court's decision in *Konopka*.

Defendant argues on appeal that the amended version of MCL 769.1k, as applied to him in this case, constitutes an unconstitutional ex post facto law because the imposed costs are a punishment. This Court's opinion in *Konopka* thoroughly analyzed and rejected this very argument, and thus there is no need to further explore the issue here. *Konopka*, 309 Mich App at 370-376. We disagree with defendant's assertion that *Konopka* was wrongly decided and, regardless, it is binding precedent that we must follow. MCR 7.215(J)(1).

Defendant further argues that the amended version of MCL 769.1k violates the Michigan Constitution by creating a tax in an unspecified amount and then delegating the exclusive authority to set the amount to the judiciary. Relying on *Bolt v Lansing*, 459 Mich 152; 587 NW2d 264 (1998), defendant argues that the cost provision is a tax and not a fee because it was designed to raise revenue to support the operation of the courts, absent a connection to the actual expenses of a case. In *Bolt*, our Supreme Court addressed whether a city ordinance was a valid user fee or a tax that violated the Headlee Amendment, Const 1963, art 9, § 31, which constitutional provision requires approval by the electorate before a new tax is levied by a local unit of government or before an existing tax is increased by such a governmental unit beyond a rate authorized by law. We seriously question the application of *Bolt* to the issue of court costs authorized by state statute. Defendant does additionally contend that Const 1963, art 4, § 32, which provides that "[e]very law [that] imposes, continues or revives a tax shall distinctly state the tax[,]" is offended by MCL 769.1k(1)(b)(*iii*). Assuming that this provision is potentially relevant or that *Bolt* is conceivably implicated under the circumstances, the imposition of court costs pursuant to MCL 769.1k(1)(b)(*iii*) is simply not a tax. As noted by the *Bolt* Court, a fee, as opposed to a tax, is generally exchanged for services rendered or benefits conferred, with a reasonable relationship existing between the amount of the fee and the value of the service or benefit. *Bolt*, 459 Mich at 161. And MCL 769.1k(1)(b)(*iii*) only permits the imposition of costs for those "reasonably related to the actual costs incurred by the trial court[,]" including costs

associated with salaries and benefits, goods and services, and necessary expenses, all as tied to the operation of a court and court personnel. This language and the examples of reimbursable expenses demonstrate that the costs assessed under MCL 769.1k(1)(b)(*iii*) are meant to compensate the trial court for costs attendant to services rendered and expenses incurred in connection with adjudicating criminal cases. The Court in *Konopka* reached the same conclusion when it observed that MCL 769.1k(1)(b)(*iii*) has the purpose of "compensating courts for the expenses incurred in trying criminal cases[.]" *Konopka*, 309 Mich App at 368.

Defendant's argument that the word "cost" as used in the statute should be understood to mean "tax" is not persuasive and is not supported by any authority. Defendant attempts to support his "tax" argument on the basis that civil litigants are not required to reimburse courts for services rendered or expenses incurred, but we fail to see how this claimed distinction makes the "cost" provision in MCL 769.1k(1)(b)(*iii*) a tax. And the *Konopka* panel recognized that "the Legislature may rationally enact laws that treat criminal defendants differently from civil litigants." *Konopka*, 309 Mich App at 369. Moreover, civil litigants pay fees for such matters as filing complaints, which filing fees generate funds to cover court costs and expenses. Defendant additionally argues that MCL 769.1k(1)(b)(*iii*) violates the Separation of Powers Clause, Const 1963, art 3, § 2, given that the statutory provision authorizes courts and not the Legislature to determine the amount of the tax. This argument fails because the statute does not impose a tax, and this Court in *Konopka* otherwise expressly rejected a separation of powers challenge to MCL 769.1k(1)(b)(*iii*). In sum, we hold that MCL 769.1k(1)(b)(*iii*) imposes a cost, not a tax, on criminal defendants. See *Konopka*, 309 Mich App at 369. Having determined that MCL 769.1k(1)(b)(*iii*) does not impose a tax, there is no need to address the substantive constitutional arguments raised by defendant.

Affirmed.


/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello