PEOPLE v GOODENOUGH, No. 151005; Court of Appeals No. 324303. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Cass Circuit Court for consideration of the defendant's issue regarding the assessment of court costs.

PEOPLE v GARRISON, No. 151552; Court of Appeals No. 324628. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Tuscola Circuit Court for consideration of the defendant's issues regarding *People v Cunningham*, 496 Mich 145 (2014), and MCL 769.1k (as amended effective October 17, 2014) as to the assessment of court costs. We do not retain jurisdiction.

PEOPLE v FIELDS, No. 152737; Court of Appeals No. 328948. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate the sentence of the Wayne Circuit Court on the defendant's first-degree murder conviction and remand this case to the trial court for resentencing on that conviction pursuant to MCL 769.25 and MCL 769.25a. See *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012); *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016). We do not retain jurisdiction.

PEOPLE v CRAWFORD, No. 152752; Court of Appeals No. 319998. By order dated June 22, 2016, this Court directed the Clerk to schedule oral argument on whether to grant the application or take other action and ordered the parties to file supplemental briefs. On order of the Court, the plaintiff-appellee's motion for reconsideration of this Court's June 22, 2016 order is considered, and it is granted in part. We vacate our order of June 22, 2016. On reconsideration, the application for leave to appeal the October 13, 2015 judgment of the Court of Appeals is considered. The original transcript of proceedings on November 26, 2013, does not reflect any oath being administered to the jury in this case. An amended transcript of proceedings on November 26, 2013, indicates that an oath was, in fact, administered to the jury prior to the taking of testimony. Because this information was known to the Court of Appeals panel before its opinion was issued, but the opinion describes the transcript as not showing that a jury oath was administered, we remand this case to the same panel for further consideration of the defendant's contention that the jury was not sworn and for an explanation why it failed to consider the amended transcript in concluding that no oath was administered. We do not retain jurisdiction.