# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALEX MARCO KEY,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2016

No. 324076
Wayne Circuit Court
LC No. 08-013704-FC,
      08-013705-FC,
      08-013706-FC,
      08-013707-FC,
      08-013708-FC

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his convictions and the imposition of court costs following the entry of guilty pleas in five separate lower court cases. In case number 08-013704-FC, defendant was charged with armed robbery, MCL 750.529, carjacking, MCL 750.529a, unlawfully driving away an automobile ("UDAA"), MCL 750.413, possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b, and possession of a firearm by a person convicted of a felony ("felon-in-possession"), MCL 750.224f. In case number 08-013705-FC, defendant was charged with armed robbery. In case number 08-013706-FC, defendant was charged with carjacking, felony-firearm, and felon-in-possession. In case number 08-013707-FC, defendant was charged with armed robbery and assault with intent to do great bodily harm less than murder, MCL 750.84. In case number 08-013708-FC, defendant was charged with carjacking, felon-in-possession, and felony-firearm. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to concurrent terms of 18 to 40 years' imprisonment for each carjacking, felon-in-possession, armed robbery, unlawfully driving away a motor vehicle, and assault with intent to do great bodily harm conviction. He was also sentenced to concurrent terms of two years' imprisonment for each felony-firearm conviction, to be served consecutive to the other sentences.

---

[1] *People v Key*, unpublished order of the Court of Appeals, entered November 21, 2014 (Docket No. 324076).

We affirm, but remand for a determination of the factual basis for the court costs imposed by the trial court.

## I. FACTUAL BACKGROUND

This case arises from a series of crimes that defendant committed over the course of several weeks in 2008. On May 30, 2008, defendant went to an auto service store and asked to test drive a vehicle. During the test drive, defendant pointed a firearm at the employee in the vehicle and ordered him out of the car. He then drove off with the vehicle.

On June 6, 2008, defendant went to a used car lot and drove off with a vehicle after again threatening an employee with a firearm. Defendant performed a similar act on June 18, 2008. However, during this incident, an employee attempted to stop defendant from taking the car by holding onto the car door. He was injured when he fell to the pavement as defendant drove away.

On June 20, 2008, defendant entered an auto parts store and asked a customer if she could jump start his car. She agreed and drove defendant to his car. As she exited her vehicle, defendant attempted to get into her driver's seat, and a struggle ensued. Defendant ultimately drove away with the car, at which time one of the doors hit the woman, knocking her to the ground.

Finally, on June 25, 2008, defendant hired a friend to cut his grandmother's lawn. The friend put his lawn care equipment into defendant's car, and they drove to his grandmother's house. The friend exited the car and discovered that defendant's grandmother was not home. As the friend returned to his vehicle, another individual threatened him with a gun, allowing defendant to drive away with the lawn equipment.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that defense counsel provided ineffective assistance when he failed to bring defendant's drug addiction to the court's attention and thereby ensure that the trial court established an adequate factual basis for each of his pleas, including the requisite mental state. We disagree.

## A. STANDARD OF REVIEW

Because defendant did not move for a new trial or a *Ginther*[2] hearing, our review of his ineffective assistance of counsel claim is limited to mistakes apparent from the record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id.*, citing *People v LeBlanc*, 465 Mich 575, 579; 640

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

NW2d 246 (2002).

## B. ANALYSIS

The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. In order to prove that counsel provided ineffective assistance, a defendant must demonstrate that (1) " 'counsel's representation fell below an objective standard of reasonableness,' " and (2) defendant was prejudiced, i.e., "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669-671; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A defendant must also show that the result that did occur was fundamentally unfair or unreliable." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). "Effective assistance of counsel is presumed," and a defendant bears a heavy burden of proving otherwise. *Petri*, 279 Mich App at 410.

Pursuant to MCR 6.302(D)(1), "[i]f [a] defendant pleads guilty, the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." An adequate factual basis exists if "the fact-finder could have found the defendant guilty on the basis of the facts elicited from the defendant at the plea proceeding." *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011). Likewise,

> A factual basis to support a plea exists if an inculpatory inference can be drawn from what the defendant has admitted. This holds true even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference. Even if the defendant denies an element of the crime, the court may properly accept the plea if an inculpatory inference can still be drawn from what the defendant says. [*Id*. (quotation marks and citation omitted.]

On appeal, defendant only contests the factual basis of his pleas to the extent that the trial court failed to question him regarding his mental state at the time that each offense was committed. He contends that he lacked the requisite *mens rea* for each offense because he was addicted to controlled substances when he committed the crimes, and that defense counsel was ineffective in failing to raise this argument in the trial court.

We reject defendant's claim that his substance abuse could establish a basis for finding that he lacked the requisite mental state for each offense. MCL 768.37 provides, in relevant part:

> (1) Except as provided in subsection (2), it is not a defense to any crime that the defendant was, at that time, under the influence of or impaired by a voluntarily and knowingly consumed alcoholic liquor, drug, including a controlled substance, other substance or compound, or combination of alcoholic liquor, drug, or other substance or compound.

> (2) It is an affirmative defense to a specific intent crime, for which the defendant has the burden of proof by a preponderance of the evidence, that he or she voluntarily consumed a legally obtained and properly used medication or

> other substance and did not know and reasonably should not have known that he
> or she would become intoxicated or impaired.

See also *People v Nickens*, 470 Mich 622, 631 n 7; 685 NW2d 657 (2004) ("[T]he enactment of MCL 768.37 . . . abolished the defense of voluntary intoxication except in one narrow circumstance . . . ." [Quotation marks and citation omitted.]). Defendant fails to argue, let alone establish, that he consumed a legally obtained and properly used medication or substance before he committed the crimes. See MCL 768.37(2). Instead, he expressly relies on his "*addict[ion]* to controlled substances" in making this argument, and he appears to concede that this drug use was improper given his claim of prejudice, discussed *supra*, arising from the fact that his sentences did not incorporate a drug treatment program. (Emphasis added.) Thus, defendant's drug addiction is irrelevant to whether the trial court established an adequate factual basis for each plea, as defendant's intoxication or drug abuse could not have negated the mental state required for any of his offenses. See MCR 6.302(D)(1); *Fonville*, 291 Mich App at 377. As such, raising an argument in the trial court on that ground would have been meritless. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Additionally, defendant does not contend that the factual basis of his pleas was insufficient apart from his claim that his substance abuse addiction negated the requisite mental state for each crime, see *Fonville*, 291 Mich App at 396, or assert that defense counsel was ineffective in failing to contest the factual basis of his pleas on any ground other than his drug addiction.[3] Moreover, our review of the record confirms that defendant's admissions at the plea hearing provided a sufficient factual basis for each conviction—including the requisite mental state, if required for the offense. See *id*. Thus, defendant has failed to establish that defense counsel's performance fell below an objective standard of reasonableness. See *Vaughn*, 491 Mich at 669-671.

Furthermore, even if we assume, solely for the sake of argument, that defense counsel's failure to bring defendant's drug addiction to the trial court's attention fell below an objective standard of reasonableness, defendant has not demonstrated the prejudice necessary to establish a claim of ineffective assistance of counsel. See *id*. Notably, defendant does not assert prejudice on the basis that the trial court improperly accepted his pleas given his argument regarding his mental state. Rather, defendant argues that if the trial court had been aware of his drug problem, his sentences could have "recommended or required his involvement in some sort of drug treatment program while incarcerated." Therefore, defendant asserts that the outcome of his

---

[3] If defendant intended to raise such claims on appeal, we deem them abandoned because defendant cites no authority and provides no analysis regarding the adequacy of his admissions for establishing the factual bases of his pleas apart from his claim regarding his substance abuse. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." [Citation omitted.]).

sentencing "could have been different had counsel prepared this case more thoroughly by making sure [defendant's] addiction was brought to the court's attention during the [p]lea [h]earing." While defense counsel did not bring defendant's drug abuse to the court's attention at the plea hearing, it is apparent that the trial court was well aware of defendant's substance abuse problems before it sentenced defendant given the numerous references to defendant's substance abuse in the presentence investigation report, defendant's own discussion of his drug addiction when he addressed the court during the sentencing hearing, and the trial court's comments regarding defendant's significant drug addictions during sentencing.

Thus, defendant's ineffective assistance of counsel claim must fail.

### III. IMPOSITION OF COURT COSTS

Next, defendant argues that the trial court's imposition of court costs was improper because the costs were excessive and not specifically authorized by the Michigan Legislature, as required by *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). Additionally, defendant argues that the court costs imposed in this case are excessive and violate the *ex post facto* clause of the United States and Michigan Constitutions. Although we disagree that the trial court's imposition of court costs was improper, we remand for a determination of the factual basis for the costs imposed.

### A. STANDARD OF REVIEW

Because defendant failed to object when the trial court imposed court costs, we review his unpreserved challenge for plain error. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). "Statutory interpretation presents a question of law that we review de novo." *Id*.

### B. ANALYSIS

As defendant contends, the Michigan Supreme Court held in *Cunningham*, 496 Mich at 154, that the former version of MCL 769.1k(1)(b)(*ii*) only permitted the imposition of court costs that were separately authorized by statute. At the time of defendant's sentencing, the court costs imposed by the trial court were not separately authorized by the statutes underlying defendant's convictions nor any other statute, as required under *Cunningham*, 496 Mich at 158.

However, after *Cunningham* was decided, the Legislature amended MCL 769.1k(1)(b)(*iii*) so that a trial court is authorized to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case . . . ." MCL 769.1k(1)(b)(*iii*).[4] Thus, MCL 769.1k(1)(b)(*iii*), as amended,

---

[4] The amendment was specifically described as "a curative measure to address the authority of courts to impose costs under MCL 769.1k before *Cunningham* was issued. 2014 PA 352, enacting § 2." *Konopka,* 309 Mich App at 357.

"provides for an award of certain costs that are *not* independently authorized by the statute for the sentencing offense," and, therefore, "independently authorizes the imposition of costs in addition to those costs authorized by the statute for the sentencing offense." *Konopka*, 309 Mich App at 357-358.

The amended version of the statute applies retroactively to all fines, costs, and assessments imposed under MCL 769.1k before June 18, 2014, and after October 17, 2014, the effective date of the amendment. *Konopka*, 309 Mich App at 357, citing 2014 PA 352. Defendant was sentenced on January 27, 2009. Thus, the amended version of MCL 769.1k applies in this case, and the trial court did not plainly err in ordering defendant to pay costs and attorney fees. See *id*. Additionally, we addressed and rejected in *Konopka*, 309 Mich App at 370-376, the same ex post facto constitutional challenge that defendant raises with regard to the retroactive effect of the amended version of MCL 769.1k.

However, pursuant to the amended version of MCL 769.1k(1)(b)(*iii*), court costs must be "reasonably related to the actual costs incurred by the trial court," even though a court need not separately calculate the costs involved in each case. *Id*. at 359, 355. At the sentencing hearing, the trial court did not establish a factual basis for its imposition of $600 in court costs. Without a factual basis for the costs imposed, we cannot determine whether the costs were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*). *Id*. at 359-360. Further, in this case, defendant argues that the costs were excessive, thereby challenging the reasonableness of the costs, like the defendant in *Konopka*. See *id*. at 360. Accordingly, defendant should be given the opportunity to challenge the reasonableness of the costs imposed. *Id*., citing *People v Sanders*, 296 Mich App 710, 715; 825 NW2d 87 (2012), overruled in part by *Cunningham*, 496 Mich 145.

Thus, we remand this case "to the trial court for further proceedings to establish a factual basis for the . . . costs imposed, under MCL 769.1k(1)(b)(*iii*), or to alter [the amount imposed], if appropriate." *Id*.

IV. CONCLUSION

Defendant has failed to demonstrate that defense counsel provided ineffective assistance. Likewise, defendant has failed to establish that the trial court improperly imposed court costs. However, remand is necessary so that the trial court may establish a factual basis for—or alter, if appropriate—the court costs imposed under MCL 769.1k.

Affirmed, but remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola