# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TRAVIS BENTON EMMONS,

      Defendant-Appellant.

UNPUBLISHED
July 14, 2016

No. 327451
Jackson Circuit Court
LC Nos. 14-004059-FC;
          14-004544-FC

Before: OWENS, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] from his conviction by plea to one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13 years old) in each lower court file. In LC No. 14-004059-FC, the court departed upward from the sentencing guidelines and sentenced defendant to 10 to 15 years' imprisonment. In LC No. 14-004544-FC, the court sentenced defendant within the guidelines to 100 months to 15 years' imprisonment. Defendant was also ordered to pay a $500 fine in each case. For the reasons set forth in this opinion, we vacate defendant's fines, and, pursuant to *People v Lockridge*, 498 Mich 358; ___ NW2d ___ (2015) and *People v Steanhouse*, 313 Mich App 1, 21-22; ___ NW2d ___ (2015), lv gtd ___ Mich ___; ___ NW2d ___ (2016) (Docket No. 152849), remand for further proceedings consistent with this opinion.

## I. SENTENCING BACKGROUND

In LC No. 14-004059-FC, defendant objected to the scoring of offense variables (OVs) 10 (at 10 points), 12 (at 5 points), and 13 (at 25 points) based on *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). In LC No. 14-004544-FC, defendant's counsel stated that he would "like to join [counsel] in his objections that he made to guidelines. . . . [W]e'd like to preserve any of those issues for appeal . . . ." In LC No. 14-004059-FC, the trial court scored OVs 4 (at 10 points), 10 (at 10 points), 12 (at 5 points), 13 (at 25 points), and OV 19 (at 10 points). The court denied plaintiff's request that OV 8 be scored 15 points. Defendant's

---

[1] *People v Emmons*, unpublished order of the Court of Appeals, entered June 30, 2015 (Docket No. 327451).

guidelines minimum sentence range was 43 to 86 months. The trial court indicated that it was exceeding the guidelines based on substantial and compelling reasons. Specifically, the court explained that an upward-departure sentence is justified because the crime will have a long-lasting impact on the victim and her family, and it highlighted the "very unique psychological injury" that the victim suffered.

In LC No. 14-004544-FC, the court scored OVs 3 (at 5 points), 10 (at 10 points), 11 (at 50 points), and 13 (at 25 points). Defendant argued that OV 3 should be scored at 0 points. "Lots of things can hurt without involving any injury whatsoever," defense counsel argued, "including this type of situation . . . ." The court concluded that "an expression from the youngster that something hurt and a person hurt them a lot is enough to establish that 5 points should be scored . . . ." Defendant's guidelines minimum sentence range was 50 to 100 months. The court sentenced within the guidelines.

## II. ANALYSIS

## A. JUDICIAL FACT-FINDING

On appeal, defendant argues that the trial court engaged in judicial fact-finding when scoring the OVs, and thus resentencing is required. Defendant preserved this issue below. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "A Sixth Amendment challenge presents a question of constitutional law that this Court reviews de novo." *Id.* at 373.

In *Lockridge*, 498 Mich 358, our Supreme Court concluded that Michigan's sentencing guidelines were "constitutionally deficient" to the extent that they used judicial fact-finding to increase the guidelines minimum sentence range. *Id.* at 364. As a result, the Court "sever[ed] MCL 769.34(2) to the extent that it is mandatory and strike down the requirement of a 'substantial and compelling reason' to depart from the guidelines range in MCL 769.34(3)." *Id.* at 391. Accordingly,

> [w]hen a defendant's sentence is calculated using a guidelines minimum sentence range in which OVs have been scored on the basis of facts not admitted by the defendant or found beyond a reasonable doubt by the jury, the sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so. A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness. Resentencing will be required when a sentence is determined to be unreasonable. Because sentencing courts will hereafter not be bound by the applicable sentencing guidelines range, this remedy cures the Sixth Amendment flaw in our guidelines scheme by removing the unconstitutional constraint on the court's discretion. Sentencing courts must, however, continue to consult the applicable guidelines range and take it into account when imposing a sentence. Further, sentencing courts must justify the sentence imposed in order to facilitate appellate review. [*Id.* at 391-392 (citations omitted).]

The Supreme Court concluded that a remand to the trial court is appropriate for "all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually

constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure." *Id.* at 395. The Supreme Court stated that in these cases, a *Crosby* remand procedure must be followed to determine whether the sentencing court "would have imposed a materially different sentence but for the constitutional error." *Id.* at 397. However, in cases that involve an upward-departure sentence, a *Crosby* remand is not appropriate because the defendant cannot show that the trial court would have imposed a lesser sentence had it been aware that the guidelines were advisory. *Id.* at 395 n 31.

## 1. LC NO. 14-004544-FC

Again, the trial court scored OVs 3 (at 5 points), 10 (at 10 points), 11 (at 50 points), and 13 (at 25 points) in this file. OV 3 scores 5 points if "[b]odily injury not requiring medical treatment occurred to a victim." MCL 777.33(1)(e). OV 10 scores 10 points if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). OV 11 scores 50 points if "[t]wo or more criminal sexual penetrations occurred." MCL 777.41(1)(a). Defendant pleaded guilty to CSC-II. Thus, as part of the elements of the offense, defendant necessarily admitted that he engaged in sexual contact with another person under 13 years of age. MCL 750.520c(1)(a). But he did not admit that the victim suffered bodily injury, that he exploited the victim or abused his authority status, or that he penetrated the victim, because none of these factors are necessary elements of the offense. Thus, the facts used to score OVs 3, 10, and 11 were not based on any facts admitted by defendant or found by a jury.

OV 13 scores 25 points if the "offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). While defendant was initially also charged with another count of CSC in file 14-004544 and a count of unlawful imprisonment in file 14-004059, those charges were dismissed, and defendant only admitted to two crimes. Thus, defendant did not admit to the facts necessary to score OV 13.

Therefore, none of defendant's 90-point OV score was admitted by defendant or found beyond a reasonable doubt by a jury. The State concedes this issue. Accordingly, a *Crosby* remand is appropriate in this case.

## 2. LC NO. 14-004059-FC

In LC No. 14-004059-FC, the trial court scored OVs 4 (at 10 points), 10 (at 10 points), 12 (at 5 points), 13 (at 25 points), and OV 19 (at 10 points). Just as in LC No. 14-0004544-FC, OVs 10 and 13 were scored using impermissible judicial fact-finding. The same is true with the other scored OVs in this file. OV 4 scores 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). Again, defendant admitted that he engaged in sexual contact with another person under 13 years of age, but he did not admit that the victim suffered psychological injury, and this fact was not found by a jury. OV 12 scores 5 points if "[o]ne contemporaneous felonious criminal act involving a crime against a person was committed," MCL 777.42(1)(d), and defines "contemporaneous" as an act that "has not and will not result in a separate conviction," MCL 777.42(2)(a)(*ii*). Defendant did not admit to, nor did a jury find, that defendant committed any other criminal acts other than the sentencing offenses.

OV 19 scores 10 points if an offender "interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). Defendant did not admit that he interfered or attempted to interfere with the administration of justice—he simply admitted that he committed a crime. Therefore, just as in his other file, defendant's entire OV score is based off of impermissible judge-found facts. Again, the State concedes this issue. However, the State contends that a remand is not necessary in cases where there was an upward departure. The State's arguments aside, we are bound by this Court's decision in *Steanhouse*. This Court in *Steanhouse* held that the proper way to determine whether a sentence meets this test is to follow the *Crosby* remand procedure. *Id.* at 23. Therefore, pursuant to this Court's decision in *Steanhouse*, remand is required. *Id.*

## B. FINES

Defendant also contends, and plaintiff agrees, that the trial court did not have statutory authority to impose two $500 fines on defendant. At the time of defendant's sentencings, MCL 769.1k provided that a trial court may impose "[a]ny cost" or "[a]ny fine." In *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), our Supreme Court ruled that this statute did not independently authorize court costs; instead, the statute "provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Id.* at 158. While not directly pertinent to the outcome, the *Cunningham* Court also stated its belief of a similar determination for the "any fine" provision: "Thus, our belief that MCL 769.1k(1)(b)(*i*) does not provide courts with the independent authority to impose 'any fine' suggests further that MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose 'any cost.'" *Id.* at 157-158.

After *Cunningham*, the Legislature amended MCL 769.1k, retroactively providing that a trial court may impose "any cost reasonably related to the actual costs incurred by the trial court." MCL 769.1k(1)(b)(*iii*); 2014 PA 352. This amendment gave the statute independent authority for courts to impose such costs. *People v Konopka (On Remand)*, 309 Mich App 345, 358; 869 NW2d 651 (2015). In the same amendment, the Legislature amended the "any fine" provision, now authorizing courts to impose "[a]ny fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty." MCL 769.1k(1)(b)(*i*); 2014 PA 352. Nothing in the language of the amended version suggests that the Legislature intended to independently authorize fines under this statute. Instead, like court costs before the amendment, and as contemplated by *Cunningham*, the provision provides a trial court with the authority to impose only those fines which are separately authorized by statute. The statute for the offense to which defendant pleaded guilty in both files does not authorize the trial court to impose a fine. Therefore, the trial court acted outside its authority when it imposed a $500 fine for each of defendant's convictions. Accordingly, we vacate the fines imposed in this matter.[2]

---

[2] Because MCL 769.1k, even as amended, does not give the trial court authority to impose a fine for defendant's conviction under 750.520c, it is unnecessary to consider defendant's alternative

Defendant's sentences were subject to judicial fact-finding and the trial court was not aware that the guidelines are advisory only and that its sentence will be subject to reasonableness review. Accordingly, we remand both files for a *Crosby* hearing. Also, defendant's fines are vacated because the trial court did not have statutory authority to impose them. We do not retain jurisdiction.

/s/ Donald S. Owens
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien

---

argument that the retroactive application of MCL 769.1k(1)(b)(*i*) violates the Ex Post Facto Clause.