*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRYAN ANTHONY GILLIS,

        Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No. 341360
Iosco Circuit Court
LC No. 16-000150-FH

Before: SWARTZLE, P.J., and M. J. KELLY AND TUKEL, JJ.

PER CURIAM.

Defendant pleaded no contest to attempted assault with intent to do great bodily harm less than murder, MCL 750.92; MCL 750.84. The trial court sentenced defendant to 23 to 60 months in prison and imposed a fine of $500. Defendant filed a delayed application for leave to appeal in which he argued that the trial court erroneously scored offense variable (OV) 3 (physical injury to a victim) and that the trial court lacked the authority to impose the $500 fine. This Court originally denied defendant's delayed application for leave to appeal. *People v Gillis*, unpublished order of the Michigan Court of Appeals, entered January 17, 2018 (Docket No. 341360). The Michigan Supreme Court, however, remanded the case to this Court "for consideration, as on leave granted, of whether the trial court was authorized to order the defendant to pay a fine." *People v Gillis*, 502 Mich 936; 915 NW2d 354 (2018). In all other respects, our Supreme Court denied leave to appeal. Therefore, only the trial court's imposition of the $500 fine is before this Court. We vacate that portion of the trial court's order imposing the $500 fine and remand to the trial court for further consideration.

## I. BACKGROUND

On July 25, 2016, defendant assaulted Richard Holaly, the boyfriend of defendant's mother. Defendant entered his mother's home, uninvited, while his mother was sleeping. Upon discovering Holaly in his mother's home, defendant threw a chair at Holaly, apparently because he was upset about his mother's relationship with Holaly. Defendant's mother intervened and tried to calm defendant, who threw her to the floor. Although Holaly fled from the home, defendant followed him, pushed him to the ground, and kicked him in the face. According to

-1-

Holaly's victim-impact statement at sentencing, defendant broke every bone in Holaly's face, broke his nose, shattered his right eye socket, and gave him a concussion. Defendant left the scene without attempting to determine whether Holaly was injured. Holaly was transported to the hospital by helicopter and he was intubated during transport because he could breathe only with the assistance of a ventilator. Holaly spent eight days in the hospital, where he was unconscious for two days and was unable to open his eyes for five days. Holaly spent several months in physical therapy and had not returned to work at the time of defendant's sentencing. He reported long-term pain as a result of the assault, and stated that he had no feeling in his upper teeth. On the date of the offense, defendant was 34 years old and Holaly was 65 years old.

The prosecutor initially charged defendant with assault with intent to do great bodily harm less than murder (AWIGBH). Defendant pleaded no contest to an attempt to commit that crime. The no-contest plea was not subject to any sentencing agreement. At sentencing, the trial court imposed a sentence of 23 to 60 months in prison and ordered defendant to pay a $60 DNA-collection fee, a $130 crime-victims' assessment fee, $1,100 in court costs, $68 in state-court costs, $10 in local-court costs, and a $500 fine. Five months after sentencing, the trial court entered an order requiring defendant to pay Holaly $26,000 in restitution. Defendant consented to the entry of the restitution order.

Defendant now appeals, arguing that the trial court erroneously scored OV 3 and that the trial court lacked the authority to impose the $500 fine. As previously stated, only the imposition of the $500 fine is before this Court on appeal.

## II. ANALYSIS

Defendant argues that the trial court lacked the authority to impose the $500 fine in this case. Defendant concedes that this issue was not preserved with an appropriate objection in the trial court, and therefore, is reviewed for plain error affecting his substantial rights. *People v Thomas*, 260 Mich App 450, 453-454; 678 NW2d 631 (2004). To avoid forfeiture under the plain-error rule, three requirements must be met: 1) error must have occurred; 2) the error was plain, i.e., clear or obvious; 3) and the plain error affected the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The third requirement requires a showing of prejudice; i.e., that the error affected the outcome of the lower court proceedings. *Id*.

"The right of the court to impose costs in a criminal case is statutory." *People v Wallace*, 245 Mich 310, 313; 222 NW 698 (1929). "Thus, courts may impose costs in criminal cases only where such costs are authorized by statute." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). Defendant pleaded no contest to attempted AWIGBH. The statute governing AWIGBH, MCL 750.84, provides that a person who "[a]ssaults another person with intent to do great bodily harm, less than the crime of murder" is guilty of a felony "punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both." As defendant argues, however, he was convicted of *attempted* AWIGBH. The statute proscribing the attempted commission of a crime, MCL 750.92, provides, in pertinent part:

> Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the

same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:

* * *

2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year;

3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor, punishable by imprisonment in the state prison or reformatory not more than 2 years or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars; but in no case shall the imprisonment exceed ½ of the greatest punishment which might have been inflicted if the offense so attempted had been committed.

As defendant observes, because the underlying offense was punishable by imprisonment for 10 years, the sentence for his attempt conviction is governed by Subsection 2 of the attempt statute, which authorizes "imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year." Unlike Subsection 3 of the attempt statute, which authorizes a trial court to impose a fine of up to $1,000, Subsection 2 does not authorize the imposition of any fine. Thus, MCL 750.92 did not authorize the trial court to impose the $500 fine in this case.

Defendant further argues that MCL 769.1k(1)(b)(*i*) did not permit the imposition of the $500 fine. That statute also addresses a trial court's authority to impose a fine at sentencing. The statute provides, in pertinent part:

(1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:

* * *

(b) The court may impose any or all of the following:

(*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty. [MCL 769.1k(1)(b)(*i*).]

In *Cunningham*, 496 Mich 145, our Supreme Court interpreted a prior version of MCL 769.1k(1)(b), which at that time authorized the trial court at sentencing to impose "[a]ny fine" and "[a]ny cost in addition to the minimum state cost set forth in subdivision (a)." See former MCL 769.1k(1)(b)(*i*) (governing fines) and (b)(*ii*) (governing costs). Our Supreme Court held that MCL 769.1k did not provide a trial court with independent authority to impose a fine or

-3-

costs that were not separately authorized by statute. *Cunningham*, 496 Mich at 157-159. After our Supreme Court decided *Cunningham*, however, the Legislature amended MCL 769.1k in response to that decision. See *People v Konopka (On Remand)*, 309 Mich App 345, 357; 869 NW2d 651 (2015). As amended, MCL 769.1k(1)(b)(*i*) now provides that after a plea of nolo contendere, the trial court may impose "[a]ny fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty."

Defendant is correct that MCL 769.1k(1)(b)(*i*) does not separately authorize the imposition of the $500 fine in this case based solely on defendant's plea of no contest to attempted AWIGBH. At sentencing, the trial court did not articulate the basis on which it imposed the $500 fine. Given the brevity of defendant's brief and the prosecutor's failure to file a brief on appeal, it is unclear on this record whether the trial court can articulate a valid basis for the imposition of a fine as a component of defendant's sentence.

We therefore vacate that portion of the trial court's order imposing the $500 fine, but affirm the judgment of sentence in all other respects. We remand this matter to the trial court for further consideration consistent with this opinion. Vacated in part and remanded. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Michael J. Kelly
/s/ Jonathan Tukel